## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD TIJERINA, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No.  4:19-cv-00640 |
| LEGACYTEXAS FINANCIAL GROUP, INC., ANTHONY J. LEVECCHIO, GEORGE FISK, ARCILIA ACOSTA, KEVIN J. HANIGAN, BRUCE HUNT, BRIAN MCCALL, KAREN H. O'SHEA, and GREG WILKINSON, | § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § § | |

## CLASS ACTION COMPLAINT

Plaintiff Richard Tijerina ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action on behalf of the public stockholders of LegacyTexas Financial Group, Inc. ("LegacyTexas" or the "Company") against LegacyTexas and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15.U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which LegacyTexas will be acquired by Prosperity Bancshares, Inc. ("Prosperity") (the "Proposed

Transaction").

2.      On June 17, 2019, LegacyTexas and Prosperity issued a joint press release announcing they had entered into an Agreement and Plan of Reorganization (the "Merger Agreement").   Under the terms of the Merger Agreement, LegacyTexas stockholders will be entitled to receive 0.5280 shares of Prosperity common stock and $6.28 cash for each share of LegacyTexas common stock they own (the "Merger Consideration").  Based on Prosperity stock's June 14, 2019 closing price of $67.24, the Merger Consideration is valued at approximately $41.78 per share and the Proposed Transaction is valued at approximately $2.1 billion.

3.      On August 23, 2019, Prosperity and LegacyTexas filed a joint proxy statement/prospectus on Form S-4 (the "Registration Statement") with the SEC.  The Registration Statement, which recommends that LegacyTexas stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) LegacyTexas' and Prosperity's financial projections, relied upon by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan"), in its financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by J.P. Morgan; and (iii) the background of the Proposed Transaction.  The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as LegacyTexas stockholders need such information in order to cast a fully-informed vote in connection with the Proposed Transaction.

4.      In short, unless remedied, LegacyTexas' public stockholders will be forced to make a voting decision on the Proposed Transaction without full disclosure of all material information concerning the Proposed Transaction being provided to them.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations

are cured.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  LegacyTexas is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of LegacyTexas common stock.

9.      LegacyTexas is a Maryland corporation and maintains its principal executive offices at 5851 Legacy Circle, Plano, Texas 75024.  LegacyTexas operates as the holding company for LegacyTexas Bank (the "Bank") that provides various banking products and services in the United States.  LegacyTexas' common stock is traded on the NASDAQ Global Select Market under the ticker symbol "LTXB."

10.     Defendant Anthony J. LeVecchio ("LeVecchio") has been Chairman of the Board since 2014 and a director of the Company (including its predecessor entity) and the Bank since September 2006.

11.     Defendant George Fisk ("Fisk") has been Vice Chairman of the Board and a director of the Company and the Bank since January 2015.

12.     Defendant Arcilia Acosta ("Acosta") has been a director of the Company since January 2015 and a director of the Bank since 2013.

13.     Defendant Kevin J. Hanigan ("Hanigan") has been a director and Chief Executive Officer ("CEO") of the Company and the Bank since April 2012.

14.     Defendant Bruce Hunt ("Hunt") has been a director of the Company and the Bank since 2012.

15.     Defendant Brian McCall ("McCall") has been a director of the Company since 2011 and a director of the Bank since 2009.

16.     Defendant Karen H. O'Shea ("O'Shea") has been a director of the Company (including its predecessor entity) since its inception in 2006 and of the Bank (including its predecessor entity) since 1998.

17.     Defendant Greg Wilkinson ("Wilkinson") has been a director of the Company and the Bank since January 2015.

18.     The defendants identified in paragraphs 10-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

19.     Prosperity is a Texas corporation, with its principal executive offices located at Prosperity Bank Plaza, 4295 San Felipe, Houston, Texas 77027.  It operates as a bank holding

company for Prosperity Bank, which provides retail and commercial banking services to small and medium-sized businesses, and consumers.  Prosperity's common stock is traded on the New York Stock Exchange under the ticker symbol "PB."

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own LegacyTexas common stock (the "Class").  Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

21.     This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.  The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class. As of July 22, 2019, there were 48,836,238 shares of LegacyTexas common stock outstanding. All members of the Class may be identified from records maintained by LegacyTexas or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to that customarily used in securities class actions.

22.     Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, *inter alia*:

(a)     Whether defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder;

(b)     Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

(c)      Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

23.      Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent.  Plaintiff has retained competent counsel experienced in litigation of this nature.

24.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

25.      Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

26.      Founded in 1952, LegacyTexas is a bank holding company that operates the Bank. The Bank is a commercially oriented community bank based in Plano, Texas.  The Company's principal business consists of attracting retail deposits from the general public and the business community and investing those funds, along with borrowed funds, in commercial real estate loans, secured and unsecured commercial and industrial loans, as well as permanent loans secured by first and second mortgages on one- to four-family residences and consumer loans.  LegacyTexas' operating revenues are derived principally from interest earned on interest-earning assets, including loans and investment securities, and service charges and fees on deposits and other account services.  Its primary sources of funds are deposits, Federal Home Loan Bank System advances and other borrowings, and payments received on loans and securities.  The Bank offers

a variety of deposit accounts, including savings, money market, certificate of deposit and demand accounts.

27.     As of December 31, 2018, LegacyTexas operated 42 banking offices in the Dallas/Fort Worth Metroplex and surrounding counties, with over $8 billion in assets.  Based on branch deposit data provided by the FDIC (as of June 2018), LegacyTexas ranked first in deposit share in Collin County, with 18.11% of total deposits, and sixth in the Dallas/Fort Worth Metropolitan Statistical Area, with 2.49% of total deposits.  The Company was formerly known as ViewPoint Financial Group, Inc. and changed its name to LegacyTexas Financial Group, Inc. in January 2015 following the merger of ViewPoint Financial Group, Inc. and LegacyTexas Group, Inc.

28.     On January 22, 2019, the Company reported financial results for the fourth quarter and full year 2018.  Net income was $57.8 million for the fourth quarter of 2018, an increase of $14.9 million from the third quarter of 2018 and an increase of $43.1 million from the fourth quarter of 2017.  Net income for the year ended December 31, 2018 totaled $154.2 million, an increase of $64.7 million from the year ended December 31, 2017.  For the fourth quarter, the Company reported an all-time high GAAP return on average assets ("ROAA") of 2.61%, compared to 1.87% for the third quarter of 2018, and GAAP ROAA for the year ended December 31, 2018 of 1.73% compared to 1.04% for the year ended December 31, 2017.  LegacyTexas reported basic earnings per share ("EPS") for the fourth quarter of $1.22 on a GAAP basis and $0.91 on a core (non-GAAP) basis, and basic EPS for the year ended December 31, 2018 of $3.27 on a GAAP basis and $2.94 on a core (non-GAAP) basis.  In the press release, defendant Hannigan was quoted as stating, "[w]e are pleased to have closed out 2018 by reporting record earnings of $57.8 million for the fourth quarter . . . .  We also had record annual earnings of $154.2 million.

Our outstanding financial results reflect the commitment our employees have to the execution of our strategy and to serving the needs of our customers and communities."

29.     On April 23, 2019, the Company reported financial results for the first quarter of 2019, including net income of $29.1 million, a $3.3 million increase from the first quarter of 2018. The Company further reported that assets of $9.35 billion generated basic earnings per share of $0.61 on a GAAP basis and $0.62 on a core (non-GAAP) basis.  Gross loans held for investment at March 31, 2019, excluding Warehouse Purchase Program loans, grew $154.0 million, or 2.3%, from December 31, 2018.  As of March 31, 2019, total deposits grew $235.7 million, or 3.4%, from December 31, 2018.  Commenting on the quarter's financial results, defendant Hanigan was quoted as stating, "[w]e have reported another solid quarter and continue to serve our customers and expand our market share . . . .  We look forward to the remainder of the year and are confident we will continue to execute and perform for our customers and shareholders."

**The Sale Process**

30.     On August 10, 2017, the Board and LegacyTexas' management discussed the Company's potential corporate development and strategic options.  J.P. Morgan participated and provided its perspective, reflecting discussions with management, on potential acquisition targets, potential merger candidates and potential acquirers.  The Board authorized defendant Hanigan to explore preliminary discussions with potential acquirers.

31.     Later that month, defendant Hanigan engaged in informal discussions with two large banks about potential transactions (referred to in the Registration Statement as "Party A" and "Party B"), and with a smaller bank (referred to in the Registration Statement as "Party C"). Neither Party A nor Party B determined to move beyond exploratory discussions.  On August 25, 2017, defendant Hanigan met with a representative of a bank (referred to in the Registration

Statement as "Party D") to discuss the possibility of a merger of equals with LegacyTexas.  On October 2, 2017, defendant Hanigan and David Zalman ("Zalman"), Prosperity's Chairman of the Board and CEO, engaged in exploratory conversations, culminating in defendant Hanigan and Zalman not recommending to their respective boards of directors a potential transaction.

32.     Following several preliminary discussions with Party D, on October 24, 2017, Party D informed LegacyTexas that it was not in a position to move forward with discussions regarding a transaction.

33.     On October 20, 2017, LegacyTexas and Party C entered into a non-disclosure agreement.  LegacyTexas and Party C also entered into a term sheet providing for a non-binding indication of interest for LegacyTexas to acquire Party C, subject to the Company's completion of due diligence.  LegacyTexas and Party C commenced cross-diligence on that date, which continued until December 21, 2017, when LegacyTexas and Party C mutually determined not to proceed with a transaction.

34.     On February 27, 2018, defendant Hanigan met with Zalman to resume discussions concerning a potential merger between Prosperity and LegacyTexas, including potential terms of a transaction and governance matters relating to executive responsibilities and representation on the combined company's board of directors.

35.     On March 2, 2018, defendant Hanigan discussed potential terms of a transaction with Zalman.  Zalman also discussed defendant Hanigan's potential senior executive role in a combined company.

36.     On March 26, 2018, defendant Hanigan reviewed the status of his discussions with Zalman with the Board, following which the Board determined to end communications due to the lack of clarity on the transaction, the premium that Prosperity would pay for LegacyTexas'

stock and post-transaction matters relating to executive leadership and strategy.

37.     On February 7, 2019, Zalman and defendant Hanigan discussed the prospect of re-starting discussions concerning a merger of Prosperity and LegacyTexas.

38.     On February 25, 2019, the Board met and discussed Prosperity.  J.P. Morgan provided its preliminary financial perspectives on a potential transaction with Prosperity and the Board authorized defendant Hanigan to further evaluate a proposed transaction with Prosperity. The Board further directed that its executive committee be authorized to hear interim reports on any transaction, and appointed defendants LeVecchio, Fisk and Hunt to serve as members of a merger and acquisition committee to evaluate potential transactions.

39.     On March 20, 2019, defendant Hanigan met with Zalman, during which Zalman offered proposed terms for a merger of LegacyTexas and Prosperity that included a fixed exchange ratio premium of 10% along with two seats on the combined company's board of directors, the position of President and Chief Operating Officer of the combined company for defendant Hanigan and consideration of J. Mays Davenport, LegacyTexas' Executive Vice President and Chief Financial Officer, for an executive position in the combined company.

40.     On May 28, 2019, Prosperity submitted a revised proposal to acquire the Company, which included a consideration mix of 80% stock and 20% cash, a 12.5% premium to LegacyTexas' then current stock price, and proposed senior management positions at Prosperity or Prosperity Bank for the members of LegacyTexas' executive management team.

41.     On May 29, 2019, J.P. Morgan spoke with Zalman and informed him that the consideration mix for a transaction between Prosperity and LegacyTexas should be 90% stock and 10% cash.

42.     On May 30, 2019, the Board met, and J.P. Morgan informed the Board that,

following discussions among representatives of LegacyTexas management, J.P. Morgan and Prosperity, Prosperity provided LegacyTexas with an update of its May 28, 2019 proposal, which included a consideration mix of 80% stock and 20% cash, yielding an implied valuation of LegacyTexas' stock of $41.84 and representing a 12.5% premium to LegacyTexas' then-current stock price based on the Prosperity and LegacyTexas stock prices as of May 28, 2019.  In addition, LegacyTexas would receive three seats on Prosperity's board of directors and certain members of LegacyTexas management would serve in key positions at Prosperity or Prosperity Bank.

43.     The Board next met on May 31, 2019, and directed J.P. Morgan to request that any consideration to be paid by Prosperity be 85% stock and 15% cash and that key executives from LegacyTexas have key roles at Prosperity on a going-forward basis.  After further discussions between J.P. Morgan and Prosperity's representatives, LegacyTexas and Prosperity proposed a final consideration mix of 0.5280 shares of Prosperity common stock and $6.28 in cash for each share of Legacy common stock.

44.     On June 14, 2019, the Board met, J.P. Morgan issued its fairness opinion and the Board, other than defendant Hanigan, who recused himself, authorized and approved the Proposed Transaction.  LegacyTexas and Prosperity executed the Merger Agreement the next day.

**The Proposed Transaction**

45.     On June 17, 2019, Prosperity and LegacyTexas issued a joint press release announcing the Proposed Transaction.  The press release stated, in relevant part:

> HOUSTON and DALLAS, June 17, 2019 -- Prosperity Bancshares, Inc.® (NYSE: PB) ("Prosperity"), the parent company of Prosperity Bank®, and LegacyTexas Financial Group, Inc. (NASDAQ: LTXB) ("LegacyTexas"), the parent company of LegacyTexas Bank ("LegacyTexas Bank"), today jointly announced the signing of a definitive merger agreement pursuant to which LegacyTexas will merge with Prosperity.
>
> LegacyTexas Bank operates 42 locations in 19 North Texas cities in and around the

Dallas-Fort Worth area. As of March 31, 2019, LegacyTexas, on a consolidated basis, reported total assets of $9.3 billion, total gross loans of $8.1 billion and total deposits of $7.1 billion.  Under the terms of the merger agreement, stockholders of LegacyTexas will receive 0.5280 shares of Prosperity common stock and $6.28 cash for each LegacyTexas share, subject to certain conditions.   Based on Prosperity's closing price of $67.24 on June 14, 2019, the total consideration was valued at approximately $2.1 billion, or approximately $41.78 per share.

Kevin Hanigan, LegacyTexas President and Chief Executive Officer, will join the Prosperity team as the President and Chief Operating Officer of Prosperity and President of Prosperity Bank; and Mays Davenport, LegacyTexas EVP and Chief Financial Officer, will be named EVP and Director of Corporate Strategy of Prosperity and Prosperity Bank.  Scott Almy, Tom Swiley, Chuck Eikenberg and Aaron Shelby will hold senior management positions at Prosperity Bank.

In addition, upon completion of the merger, Kevin Hanigan, Bruce Hunt, and George Fisk, directors of LegacyTexas, will join the Board of Directors of Prosperity, and Mays Davenport will join the Board of Directors of Prosperity Bank.

"I am very excited to announce the merger of LegacyTexas with Prosperity," stated David Zalman, Chairman and Chief Executive Officer of Prosperity. "Through the second largest bank merger in the history of Texas, our combined companies create the second largest bank by deposits headquartered in Texas. Together, our increased scale better positions us to invest in innovation and talent and serve our customers. LegacyTexas has been serving the North Texas area for more than 60 years and we believe that our banks are complementary and provide many opportunities for continued growth. This is a rare opportunity to significantly enhance our presence in the Dallas/Fort Worth MSA, a market with a diverse economy that is continually attracting investment and has a growing population. Kevin, Mays, Scott, Tom, Chuck and Aaron have extensive experience and we are looking forward to them joining our team and continuing to take Prosperity to the next level."

"We believe that Prosperity, one of the most successful banking franchises in Texas, with a strong core deposit base and a focus on relationship banking, is a perfect fit for LegacyTexas," commented Kevin Hanigan. "We are very proud of our ability to serve the North Texas area and look forward to having our team and shareholders participate in the continued growth of our combined franchise."

**Insiders' Interests in the Proposed Transaction**

46.     LegacyTexas insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed

Transaction not available to Plaintiff and LegacyTexas' public stockholders.

47.     Notably, certain of the Company's executive officers have secured positions for themselves upon consummation of the Proposed Transaction.  As set forth in the Registration Statement:

> In connection with the reorganization agreement, Prosperity Bank and Legacy Bank entered into an employment agreement with Mr. Hanigan (the "Hanigan employment agreement"), Legacy's President and Chief Executive Officer, pursuant to which he will serve as Prosperity Bank's President effective upon, and subject to the occurrence of, the effective time. It is also expected that Mr. Hanigan will serve as Prosperity's President and Chief Operating Officer effective upon the effective time.
>
> * * *
>
> Also in connection with the reorganization agreement, Prosperity Bank and Legacy Bank entered into employment agreements with each of J. Mays Davenport (the "Davenport employment agreement"), Legacy's Executive Vice President and Chief Financial Officer, pursuant to which he will serve as Prosperity Bank's Senior Executive Vice President & Director of Corporate Strategy, Scott A. Almy (the "Almy employment agreement"), Legacy's Executive Vice President, Chief Operating Officer, Chief Risk Officer and General Counsel, pursuant to which he will serve as Prosperity Bank's Executive Vice President, Operations, Charles D. Eikenberg (the "Eikenberg employment agreement"), Legacy's Executive Vice President, Community Banking, pursuant to which he will serve as Prosperity Bank's Executive Vice President, Community Banking, and Thomas S. Swiley (the "Swiley employment agreement" and, together with the Davenport employment agreement, the Almy employment agreement and the Eikenberg employment agreement, the "employment agreements"), Legacy's Executive Vice President and Chief Lending Officer, pursuant to which he will serve as Prosperity Bank's Executive Vice President, Lending, in each case, upon the effective time. It is expected that Mr. Davenport will also serve as Prosperity's Executive Vice President & Director of Corporate Strategy.

Registration Statement at 94-95.

48.     Further, if they are terminated in connection with the Proposed Transaction, the Company's named executive officers are set to receive substantial golden parachute compensation, as set forth in the following table:

| Name | Golden Parachute Compensation | | | | | |
|---|---|---|---|---|---|---|
| | Cash | Equity[4] | Pension / NQDC[5] | Perquisites/ Benefits[6] | Tax Reimbursement | Total |
| Kevin J. Hanigan | $5,151,581[1] | $3,956,755 | $245,473 | $  59,978 | $          0 | $9,413,787 |
| J. Mays Davenport | 1,419,364[2] | 613,551 | 220,454 | 84,978 | 0 | 2,338,347 |
| Scott A. Almy | 1,381,874[3] | 1,561,135 | 166,849 | 84,537 | 0 | 3,194,395 |
| Charles D. Eikenberg | 1,318,378[3] | 1,081,062 | 205,201 | 65,009 | 0 | 2,669,650 |
| Thomas S. Swiley | 1,318,378[3] | 1,556,788 | 167,169 | 27,459 | 0 | 3,069,794 |

## **The Registration Statement Contains Material Misstatements or Omissions**

49.     Defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to LegacyTexas' stockholders.  The Registration Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

50.     Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) LegacyTexas' and Prosperity's financial projections, relied upon by the Company's financial advisor, J.P. Morgan, in its financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by J.P. Morgan; and (iii) the background of the Proposed Transaction.  Accordingly, LegacyTexas stockholders are being asked to make a voting decision in connection with the Proposed Transaction without all material information at their disposal.

### *Material Omissions Concerning LegacyTexas' and Prosperity's Financial Projections*

51.     The Registration Statement omits material information regarding the Company's and Prosperity's financial projections provided by LegacyTexas's and Prosperity's management and relied upon by J.P. Morgan for its analyses.

52.     For example, in connection with J.P. Morgan's *Legacy Dividend Discount Analysis*, the Registration Statement sets forth:

> J.P. Morgan calculated a range of implied values for Legacy common stock by discounting to present value estimates of Legacy's future dividend stream and

terminal value. In performing its analysis, J.P. Morgan utilized, among others, the following assumptions, which were reviewed and approved by Legacy management. . . . Based on the Legacy internal forecast and using a range of discount rates from 9.0% to 11.0%, reflecting estimates of Legacy's cost of equity as described above, J.P. Morgan discounted the estimated dividend streams from Legacy for the period of 2019 through 2024 and the range of terminal values to derive present values, as of March 31, 2019, of Legacy.

*Id*. at 74.

53.    Similarly, in connection with J.P. Morgan's *Prosperity Dividend Discount Analysis*, the Registration Statement sets forth:

J.P. Morgan calculated a range of implied values for Prosperity common stock by discounting to present value estimates of Prosperity's future dividend stream and terminal value. In performing its analysis, J.P. Morgan utilized, among others, the following assumptions, which were reviewed and approved by Legacy management. . . . Based on the Prosperity internal forecast and using a range of discount rates from 8.0% to 10.0%, reflecting estimates of Prosperity's cost of equity as described above, J.P. Morgan discounted the estimated dividend streams from Prosperity for the period of 2019 through 2024 and the range of terminal values to derive present values, as of March 31, 2019, of Prosperity.

*Id.* at 76.

54.    The Registration Statement fails, however, to disclose the estimated dividend streams from each of LegacyTexas and Prosperity for the period of 2019 through 2024, relied upon by J.P. Morgan for its analyses.

55.    The omission of this information renders the statements in the "Certain Prosperity and Legacy Unaudited Prospective Financial Information" and "Opinion of Legacy's Financial Advisor" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

**Material Omissions Concerning J.P. Morgan's Financial Analyses**

56.    The Registration Statement describes J.P. Morgan's fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of J.P. Morgan's fairness opinion and analyses fails to include key inputs and assumptions underlying

these analyses.  Without this information, as described below, LegacyTexas' public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on J.P. Morgan's fairness opinion in determining whether to vote in favor of the Proposed Transaction.  This omitted information, if disclosed, would significantly alter the total mix of information available to LegacyTexas' stockholders.

57.    With respect to J.P. Morgan's *Legacy Dividend Discount Analysis*, the Registration Statement fails to disclose: (i) the estimated dividend streams from LegacyTexas for the period of 2019 through 2024; (ii) estimated 2024 net income; and (iii) quantification of the inputs and assumptions underlying the discount rates ranging from 9.0% to 11.0%.

58.    With respect to J.P. Morgan's *Prosperity Dividend Discount Analysis*, the Registration Statement fails to disclose: (i) the estimated dividend streams from Prosperity for the period of 2019 through 2024; (ii) estimated 2024 net income; and (iii) quantification of the inputs and assumptions underlying the discount rates ranging from 8.0% to 10.0%.

59.    With respect to J.P. Morgan's *Legacy Public Trading Multiples Analysis* and *Prosperity Trading Multiples Analysis*, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the selected public companies analyzed by J.P. Morgan.

60.    When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

61.    The omission of this information renders the statements in the "Opinion of Legacy's Financial Advisor" and "Certain Prosperity and Legacy Unaudited Prospective Financial Information" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

62.     The Registration Statement omits material information regarding the background of the Proposed Transaction.

63.     According to the Registration Statement, "[o]n October 20, 2017, as a result of preliminary conversations, Legacy and Party C entered into a non-disclosure agreement in order to permit the sharing of confidential information between the parties."  *Id.* at 61-62.  Yet, the Registration Statement fails to disclose whether the non-disclosure agreement LegacyTexas entered into with Party C is still in effect and/or contains a "don't ask, don't waive" ("DADW") standstill provision that is presently precluding Party C from making a topping bid for the Company.

64.     The disclosure of the terms of any standstill provisions in the confidentiality agreements LegacyTexas entered into with potential merger partners is crucial to LegacyTexas stockholders being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

65.     Additionally, the Registration Statement sets forth that at the June 14, 2019 Board meeting, "the members of Legacy's board of directors other than Mr. Hanigan, who recused himself, then unanimously determined that the reorganization agreement and the merger were in the best interests of Legacy and its stockholders, authorized and approved the reorganization agreement and the merger, and resolved to recommend to Legacy's stockholders that they approve the reorganization agreement."  *Id*. at 66.  The Registration Statement fails, however, to disclose the reasons defendant Hannigan recused himself.

66.     The omission of this information renders the statements in the "Background of the Merger" section of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

67.     The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement.  Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of LegacyTexas will be unable to make a fully-informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## COUNT I

### Class Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and SEC Rule 14a-9 Promulgated Thereunder

68.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

69.     During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

70.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement.  The Registration Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about the actual intrinsic standalone value of the Company and Prosperity, the financial analyses performed by the Company's financial advisor, and the sales process for the Company.  The defendants were at least negligent in filing the Registration Statement with these materially false and misleading

statements.

71.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.

72.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

73.     Because of the false and misleading statements in the Registration Statement, Plaintiff and the Class are threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Class Claims Against the Individual Defendants for
### Violations of Section 20(a) of the Exchange Act

74.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

75.     The Individual Defendants acted as controlling persons of LegacyTexas within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of LegacyTexas and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

76.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

77.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement at issue contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly involved in the making of the Registration Statement.

78.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.   The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

79.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

80.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, LegacyTexas' stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of LegacyTexas, and against defendants, as follows:

A.      Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to LegacyTexas stockholders;

C.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding recessionary damages to Plaintiff and the Class;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: September 4, 2019               Respectfully submitted,

/s/ William B. Federman
William B. Federman (TBA #00794935)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email:  wbf@federmanlaw.com
-and-
212 W. Spring Valley Road
Richardson, TX 75081
Telephone:   (214) 696-1100
Facsimile:   (972) 789-1665

*Plaintiff's Liaison and Local Counsel*

**OF COUNSEL:**

**WEISSLAW LLP**
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Tel: (212) 682-3025
Fax: (212) 682-3010

**BRAGAR EAGEL & SQUIRE, P.C.**
Alexandra B. Raymond
885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (212) 308-5858
Fax: (212) 486-0462
Email: raymond@bespc.com

## **CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS**

The undersigned certifies as follows:

1.      I have reviewed the complaint in this matter against LegacyTexas Financial Group, Inc.  ("LegacyTexas") and others and authorized the filing thereof.

2.      I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in any private action.

3.      I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.      My transactions in LegacyTexas securities that are the subject of the complaint during the class period specified in the complaint are set forth in the chart attached hereto.

5.      I have not sought to serve or served as a class representative under the federal securities laws in the last three years, other than as listed below (if any):


6.      I will not accept any payment for serving as a representative party beyond the undersigned's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I hereby certify, under penalty of perjury, that the foregoing is true and correct.

Date: August ⎯⎯, 2019

_____

Richard Tijerina

| Transaction (Purchase or Sale) | Trade Date | Quantity | Price per Share |
|---|---|---|---|
| Purchase | 7/6/2010 | 200 shares | $10.00 |
| | | | |
| | | | |